UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND FURMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-01442 (UNA) |
| | ) |
| ERROL ARTHUR, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice.

Petitioner is an inmate at the District of Columbia Central Detention Facility. He sues a Judge for the Superior Court of the District of Columbia and the Superior Court itself.[1] He is a pre-trial detainee awaiting trial before the Superior Court in *United States v. Furman*, No. 2017 CF1 017747. He alleges (1) ineffective assistance of counsel, and (2) violation of his right to speedy trial and improper tolling as a result of trial postponements. He also alleges that the government has failed to respond to his motion to dismiss. He seeks release from detainment and this court's review of the Superior Court proceedings.

As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert.*

---

[1] Petitioner has also sued the incorrect respondents. A petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)).

*denied*, 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals.  Similarly, this court must also abstain from interfering in ongoing Superior Court proceedings. *See Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)).

Given "the fundamental policy against federal interference with state criminal prosecutions[,]" *Younger*, 401 U.S. at 46, the court will dismiss the instant action.  A separate order accompanies this memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:  June 8, 2020